NO









NO. 12-10-00251-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

                                                                             '     

 

IN RE:
MICHAEL KENNEDY,                       '     ORIGINAL PROCEEDING

RELATOR

                                                                             '     

 





MEMORANDUM
OPINION

PER
CURIAM

            Relator
Michael Kennedy filed a petition for writ of mandamus directing the trial court
to dismiss his counsel and to order a hearing on various motions Relator has
filed.  We deny the petition.  

Background

            Relator
was charged with theft, and the case was tried to a jury.  Relator was allowed
to represent himself at trial, but with standby counsel.  He was convicted,
sentenced to sixty–two years of imprisonment, and fined ten thousand dollars. 
Relator immediately informed the trial court that he wanted to represent
himself on appeal.  The trial court denied his request and appointed appellate
counsel.  This court affirmed Relator’s conviction, but remanded for a new
sentencing hearing.  See Kennedy v. State, No. 12-08-00246-CR,
2009 WL 4829989, at *4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem.
op., not designated for publication).  

 

Availability of Mandamus

            This
court has authority to issue a writ of mandamus in a criminal case if two
conditions are met: (1) there is no adequate remedy at law and (2) the act
sought to be compelled is ministerial.  Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. Crim. App. 1991).  In addition, a relator must
furnish a record sufficient to support his claim for mandamus relief.  See Tex. R. App. P. 52.7(a).  

 

 

 

Motion to Dismiss Counsel

            Relator
first complains that the trial court has refused to rule on his motion to
dismiss his counsel.  However, Relator has not furnished a copy of this motion
or any documents showing that he has called any such motion to the trial
court’s attention.  See Tex. R.
App. P. 52.7(a)(1) (requiring relator to file with petition a certified
or sworn copy of every document material to relator’s claim for relief and
filed in any underlying proceeding); In re Chavez, 62 S.W.3d 225,
228 (Tex. App.–Amarillo 2001, orig. proceeding) (no duty to rule until movant
has brought motion to trial court’s attention; mandamus unavailable absent a
showing that trial court failed or refused to rule within reasonable time
thereafter).  

            Moreover,
Relator has not furnished a copy of the trial court’s order appointing
counsel.  The order received in this court in connection with Relator’s appeal
limited his counsel’s representation to the appeal (appellate cause number
12-08-00246-CR).  This court’s mandate in the appeal was issued on April 30,
2010, and counsel’s appointment ended.  No order appointing other counsel is
included among the documents attached to Relator’s petition.

“Insanity” Motions and
Motions to Recuse Trial Judge

            Relator
further complains that the trial court has failed to set a hearing on his
“insanity” motions  and his motions to recuse the trial judge.  However, he has
not furnished a copy of these motions or any documents showing that he has
called the motions to the trial court’s attention.  See Tex. R. App. P. 52.7(a)(1); In re
Chavez, 62 S.W.3d at 228.  Additionally, from the cause numbers that
Relator refers to in his petition, it appears that a number of these motions
were filed in connection with his trial on the merits or his appeal after those
proceedings had concluded.  Relator cites no authority for the proposition that
the trial court is required to address these motions.            

            As
to any motions relating to the new sentencing hearing, the information provided
to this court indicates that the hearing is scheduled for October 26, 2010. 
Even if Relator had furnished copies of the necessary documents, he has not
alleged anything in his petition that causes us to believe the trial court will
not address pretrial motions prior to the hearing.  See In re
Newby, No. 07-07-00228-CV, 2007 WL 2066359, at *2 (Tex. App.–Amarillo
2007, orig. proceeding [mand. denied]) (trial court given broad discretion in
managing its docket).

 

Disposition

            For
the reasons set forth above, we conclude that Relator has not shown that he is
entitled to mandamus relief.  Accordingly, his petition for writ of mandamus is
denied. 

Opinion delivered August 11, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)